Judge Logan
delivered the opinion of the court.
Fitzhugh and Rose filed their bill in chancery against, Handley, praying a discovery, and for relief, upon a mercantile account, commencing iu 1804, and continued -up to 1809, embracing many items of various kinds, amounting to upwards of Z500.
The defendant, in his answer, admits the receipt of many articles — denies any knowledge of the others, and alleges improper charges in their prices.
Abiiipray-“,Rd,si0je?^ presenting °a case which brings withit ⅛⅞⅛⅛ of evidence in opposition is a case of discovery on-
It eral rule that if a chancel-of discovern jiewiU the*'purpose of relief, if case is sphere,
a copy of a paper i»rm-in£ a C0mP.0-^"oyd^sho’d not be read evidence, ^¡2» the absence ing the whole record. of the origin- and
*25 . ín support of the account, various depositions have been taken; and, on the hearing of the cause, several points made and exceptions to the opinions of the court.
The first point we shall notice, was to the admission evidence in support of articles not admitted by the answer. Had the bill sought a discovery only, and not for relief, or the case did hot properly draw with it the right to relief in chancery, the objection would certainly have been well founded. But the principle upon which courts of chancery have with courts of'law exercised concurrent jurisdiction in matters of account, does, in a case like the present, not only obviate that objection, but, likewise, the objection to the jurisdiction of the court. Besides, in most cases of account, it is a settled rule, that the court having acquired cognizance of the suit, for the purpose of discovery, entertain it for the purpose of relief. And, although, there are cases, limited to the discovery, when, to give relief in chancery, would draw them improperly from courts of and the trial by jury, into equity for determination; present, we apprehend, is not of that description. counts of long standing, complicated — -depending on the evidence of various witnesses, and partly on the discovery of the defendant himself — with credits equally diffused and controverted — must, in order to prevent a multiplicity suits and Vexatious and oppressive litigatioh;, come fully within the scope of equitable jurisdiction; Such is the present case: And hence the objection to the case does not properly lie; but it was the duty of the court, having the suit before them, to pronounce such decree as the equity of the case demanded.
The next question which seems proper for examination, was the refusal of the court, to admit as evidence in the cause, a copy of a writing between the parties; whereby the defendant transferred to the complainants the benefit of a judgment he had recovered against Beall and John C, -Chvings.
This writing was filed in ah action at law, which had been instituted thereon by Handley against'the present ap-pellee,with an endorsement thereon, that it was admitted by the counsel of the appellee in that action, as the writing of the appellee. A transcript of the record in. the suit ■at law was produced, containing a copy of ^aid with the endorsement. The attorney for the complainants consented that the copy, together with the transcript⅜ might *26 be read as evidence; but the offer was not accepted, end the court refused to permit the copy to be read; to which opinion the defendants excepted,
Littdl and Wickliffc for appellants, Hardin and Bibb for appelle.
/«, * *ie The general rule is, that a copy is inadmissible as evi-deuce, without accounting for the absence of the original. manner of accounting for the absence thereof in the present instance; was by showing that it had been filed in the suit at law — and this was attempted to be manifested by the record produced. But why have thus disposed of the original? It must have been there lodged for some purpose: and its custody have been retained through the operation of law. If it had been the subject of litigation, and its claim settled between the parties in a suit for that purpose, it ought hot to have again been introduced as a set-off against the demand of the complainant, or as imposing another defence to its claim. To understand, therefore, fully the cause of its absence; and the effect which had thereby been produced, the court, we think, properly required that the record should be read, or the copy not admitted. Concurring with that court in this opinion, it becomes unnecessary to examine the question with respect to the endorsement on the writing, as evidence of its being genuine.
In relation to the account itself, we also concur with the court below in the decree pronounced. From the admissions of the defendant in his answer and the depositions filed, we think it sufficiently established — and have deemed it unnecessary to notice in the opinion, those points which have been made in relation to the preparation of the cause.
The decree must be affirmed with cost and damages.